3033987-CPG/ASM                                                    ARDC#6299806

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DEVON BANK, as Guardian of the Estate of        ]
ALAYNA HIKE a minor, and RHONDA JONES,          ]
Individually,                                   ] Case No: 17-cv-09286
                              Plaintiff,        ]
                 vs.                            ] Hon. John Z. Lee
UNITED STATES OF AMERICA and                    ]
VHS WEST SUBURBAN MEDICAL CENTER, INC.          ] Magistrate Judge
d/b/a WEST SUBURBAN MEDICAL CENTER,             ] Sheila M. Finnegan
                              Defendants.       ]

**DEFENDANT, VHS WEST SUBURBAN MEDICAL CENTER, INC.'S
MOTION TO STRIKE SUBPARAGRAPHS (r) – (u) OF PARAGRAPH 52
OF COUNT II OF PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES the Defendant, VHS WEST SUBURBAN MEDICAL CENTER, INC. (hereinafter "WSMC"), by and through its attorneys, SmithAmundsen LLC, and pursuant to Fed. R. Civ. P 12(f), and hereby moves to strike allegations of institutional negligence unsupported by the Health Professional's Report required by 735 ILCS 5/2-622 and vague allegations unsupported by fact contained in Subparagraph (r) – (v) of Paragraph 52 of Count II of Plaintiff's Complaint at Law. In support thereof, Defendant states as follows:

1.      This is a medical malpractice case involving allegations of negligence surrounding the labor and delivery of Plaintiff, ALAYNA HIKE, on or around December 2, 2016.

2.      The case was filed in Federal Court naming the United States of America, pursuant to the Federal Tort Claims Act and WSMC as defendants.

3.      Count II is the only Count against WSMC contained in Plaintiff's Complaint at Law.

1

4.      Defendant, WSMC, now brings this motion to strike certain allegations contained in Count II of Plaintiff's Complaint at Law, for the following reasons:

## I.      Plaintiff's 735 ILCS 5/2-622 Health Professional Report is Insufficient to Support Allegations against WSMC.

5.      Plaintiff's Complaint at Law sounds in medical malpractice.

6.      The requirements of Section 2–622 apply in federal court.  *Moskowitz v. City of Chicago*, 93 C 1335, 1993 WL 478938 at *6 (N.D. Ill. Nov. 16, 1993).

7.      The purpose of Section 2-622 is "to reduce the number of frivolous suits that are filed and to eliminate such actions at an early stage, before the expenses of litigation have mounted."  *DeLuna v. St. Elizabeth's Hosp.*, 147 Ill.2d 57, 65, 588 N.E.2d 1139, 1142 (1992).

8.      At the time that this matter was filed, there was in effect §2-622(a)(1) of the Illinois Code of Civil Procedure, which provided that in any action for injuries by reason of healing art malpractice, the plaintiff's attorney "shall file an affidavit, attached to the original and all copies of the complaint," declaring in pertinent part:

> That the affiant has consulted and reviewed the facts of the case with a health professional ... [and] that the reviewing health professional has determined in a written report, ... that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.... A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit..."

735 ILCS 5/2-622(a).

9.      "While the affidavit and report requirements imposed on plaintiffs under Section 2-622 of the Code do not rise to the level of substantive elements of a claim for

2

medical malpractice, neither should they be viewed as empty formalism." *Williams v. Medenica,* 275 Ill. App. 3d 269, 273, 211 Ill. Dec. 619, 655 N.E.2d 1002 (1995).  Section 2-622 makes clear that it is a pleading requirement.  *Moyer v. S. Illinois Hosp. Serv. Corp.*, 327 Ill. App. 3d 889, 902, 764 N.E.2d 155, 165 (2002).

10.    The affidavit and reports must be attached to the original and all subsequent versions of the complaint.  *Id.* at 159.  (citing 735 ILCS 5/2-622(a)).  Thus, the affidavit and report are considered part of the complaint, not merely in the nature of discovery documents that can be supplemented periodically.  *Id.*

11.    When a single section 2-622 report is submitted in support of a medical negligence complaint against multiple physician-defendants, the report should discuss the involvement of each defendant in the treatment of the plaintiff.  *Moss v. Gibbons*, 180 Ill. App. 3d 632, 638, 129 Ill. Dec. 441, 536 N.E.2d 125 (1989).

12.    Where a report is vague or causes confusion with respect to which acts are attributable to which defendant, the report does *not* comply with § 2-622.  *Premo v. Falcone,* 197 Ill. App. 3d 625, 632-33; 144 Ill Dec. 32, 554 N.E.2d 1071 (1990)*.*

13.    Section 2-622 provides that the report must state the reasons for the conclusion that the action is meritorious.  735 ILCS 5/2-622(a)(1).  Thus, a report submitted pursuant to Section 2-622 must specifically discuss the involvement of each defendant and must consist of more than generalized conclusions of malpractice. *Jacobs v. Rush North Shore Medical Center,* 284 Ill. App. 3d 995, 1000, 220 Ill. Dec. 452, 673 N.E.2d 364 (1996); *Woodard v. Krans,* 234 Ill. App. 3d 690, 702, 175 Ill.Dec. 546, 600 N.E.2d 477 (1992); *Premo v. Falcone,* 197 Ill. App. 3d at 631 (report must clearly identify reasons for conclusion that there is good cause for the action).

3

14.     Plaintiff's Complaint is deficient in several respects.     First, Plaintiff's allegations for institutional negligence are unsupported by her 2-622 report.    Second, Plaintiff's allegations are vague.

**a)      Allegations of Institutional Negligence Unsupported by a Physicians Affidavit Must be Dismissed**

15.     Plaintiffs' 2-622 report, authored by Jeffrey L. Stoffer, M.D., is completely devoid of *any* discussion of Plaintiffs' allegations of institutional negligence against WSMC. Indeed, Count II of Plaintiffs' Complaint at Law alleges WSMC by and through "various agents and/or employees including but not limited to Erika Castro, M.D.; Rebecca Dehoek, M.D.; Sveva Brown, M.D.; Morgan Madison, M.D., Lizabeth Rodriguez, Irina Lozovatskaya R.N., Karen Gillet, R.N., Briana Johnson, R.N., Jennifer Joseph, R.N., Lillie Smith-Beacham, R.N., Joy, Nfarooqui Staffid, Kimberly Bruno, R.N.," are negligent for a:

   a.     Failure to perform a timely cesarean section which would have prevented injury to Baby ALAYNA;
   b.     Failure to appreciate and identify the patient's high-risk status and timely and appropriately treat the patient's high-risk factors;
   c.     Failure to obtain an appropriate consultation of an appropriate medical specialist competent and capable of managing the patient's high-risk conditions including consultation with a maternal fetal medicine specialist and/ or an obstetrician/gynecologist;
   d.     Failure to appreciate the presence of multiple high-risk factors that required a higher level of monitoring and intervention, which was not provided and led to fetal compromise;
   e.     Failure to assess the intrapartum fetal status including but not limited to the fetal heart monitor tracing and contraction monitor and changes thereof which were indicative of deterioration of the fetal status including but not limited, to consistent with hypoxia and/or ischemia which necessitated interventions to correct and should said interventions fail to improve the condition, failure to deliver earlier;
   f.     Failure to follow physician orders including but not limited to continuously electronically monitor the fetal heart rate during labor;
   g.     Failure to monitor and record the fetal heart rate throughout labor which was, for a large portion of the admission before delivery, uninterpretable and unreadable;

4

h.   Failure to order and/or place internal monitoring devices such as a fetal scalp electrode (FSE) and intrauterine pressure catheter (IUPC) to properly monitor the fetal heartrate and uterine activity;

i.   Failure to keep proper medical and/or nursing documentation including but not limited to progress notes, physician notes, nursing notes, flowsheet notes, vital signs, labor assessments, fetal heart rate assessments, uterine assessments, patient assessments, etc.;

j.   Failure to assess the intrapartum fetal status including but not limited to the fetal heart monitor tracing and contraction monitor and changes thereof which were with indicative of irritability of the uterus consistent with bleeding and/or abruption which necessitated interventions to correct and should said interventions fail to improve the condition, failure to deliver earlier;

k.   Failure on the part of the agents, servants, and/or employees of the hospital including nurses to inform the physicians of the fetal status and to advocate for earlier delivery;

l.   Failure to provide adequate informed consent regarding the nature of the risks to the unborn baby of brain injury to a fetus deprived of oxygen during labor, and failure to react appropriately thereto including but not limited to earlier delivery;

m.   Failure to adequately inform and/or perform a Cesarean section delivery in order to avoid intrapartum hypoxic ischemic neurologic injury and/or traumatic injury;

n.   Failure to perform a timely cesarean section which would have prevented injury to Baby ALAYNA;

o.   Failure to properly manage Plaintiff JONES' labor including but not limited to failure to perform earlier delivery;

p.   Failure to perform intrapartum fetal evaluations and/or interpret abnormal signs and/or symptoms and intervene earlier;

q.   Failure to utilize the chain of command when notification of concerning signs and symptoms were not immediately responded to; in other words, the health care provider(s) should have called for and obtained physician(s) to treat the patients, prepare for timely surgery, and expeditiously deliver the baby rather than to allow the baby to continue to deteriorate at a time the health care provider(s) knew or should have known that to fail to intervene with earlier delivery would substantially increase the risk of harm to the baby;

r.   Failure to promulgate, implement, and maintain reasonable and appropriate policies and procedures;

s.   Failure to retain a full, complete, and legible copy of the medical records;

t.   Failure to maintain and provide proper and adequate documentation including but not limited to nursing notes, triage notes, plan of care regarding notification of physicians, nurses and staff for assessment and treatment; and

u.   Failure to hire and/or credential competent and qualified providers, including physicians and nurses, with the adequate training, education, and

5

experience to manage intrapartum and obstetrical patients and/or failure to fire and/or remove/ de-credential incompetent and/or unqualified providers, including physicians and nurses, such that the incompetent and/or unqualified providers could not cause patients harm;

v.     Any other breaches of the standard of care revealed during discovery in this matter.

Exhibit A, Plaintiff's Complaint, ¶ 52 of Count II (emphasis added).

16.     Paragraph 52, Subparagraphs (r) – (u) sound in institutional negligence. However, the 2-622 report completely fails to address allegations (r) – (u), let alone describe in particularity how these alleged failures deviated from the applicable standard of care or proximately caused injury to the Plaintiffs.  For this reason alone, Plaintiffs' allegations of institutional negligence cannot survive and must be dismissed under Section 2-622.

17.     Since *Darling v. Charleston Community Memorial Hospital*, 33 Ill.2d 326, 211 N.E.2d 253 (1965), Illinois has recognized that hospitals may be held liable for institutional negligence.   *Darling* acknowledged an independent duty of hospitals to assume responsibility for the care of their patients, which ordinarily is administrative or managerial in character, and liability is predicated on the hospital's own negligence, not the negligence of the physician. *Jones v. Chicago HMO Ltd. of Illinois*, 191 Ill.2d 278, 291, 730 N.E.2d 1119 (2000). The requirements of a Section 2-622 report apply to allegations of institutional negligence.  *Kus v. Sherman Hosp.,* 204 Ill. App. 3d 66, 72, 149 Ill.Dec. 103, 561 N.E.2d 381 (1990).

18.     When a claim of institutional negligence is predicated on "healing art malpractice," then a 2-622 affidavit and report as to the hospital's institutional negligence is required as well. *See, e.g., Comfort v. Wheaton Family Practice*, 229 Ill. App. 3d 828, 834, 594 N.E.2d 381 (1992) ("Had the clinic violated a duty to supervise, then perhaps a

certificate filed by a professional in health care administration would be required."). *See also Woodard v. Krans*, 234 Ill. App. 3d 690, 600 N.E.2d 477, 488 (1992) (Section 2-622 report was required in case alleging hospital was negligent in failing to test physicians for tuberculosis); *Kus v. Sherman Hosp.*, 204 Ill. App. 3d at 66 (complaint that hospital was negligent in allowing physician to use implant after FDA had withdrawn its approval required supporting Section 2-622 report).

19.     In the instant case, the Health Professional Report attached to Plaintiff's Complaint does not address or provide facts in support of any of Plaintiff's allegations of institutional negligence.   *See* Exhibit B, Plaintiff's 2-622 Health Professional Report. Specifically, there is nothing in the Report stating or indicating that WSMC failed to: 1) promulgate, implement, and maintain policies and procedures; 2) retain a full, complete, and legible copy of the medical records; 3) maintain and provide proper and adequate documentation; and, 4) hire and/or credential competent and qualified providers, as alleged in Plaintiff's Complaint.   Compare, Exhibit A, ¶ 52, subparagraph (r)-(u) of Count II *and* Exhibit B.

20.     Accordingly, Paragraph 52, Subparagraph (r) – (u) of Count II of Plaintiff's Complaint at Law should be stricken, as these allegations are not supported by Plaintiff's attached Section 2-622 report.

**b)      Vague Allegations Unsupported by Fact Must be Dismissed**

21.     Plaintiffs' vague reference that WSMC was negligent for, "*any other breaches of the standard of care revealed during discovery in this matter*" must be dismissed as it fails to set forth facts sufficient to provide WSMC with the information needed to determine the

nature of the claims against which it is required to defend.  Exhibit A, ¶ 52, Subparagraph

(v) of Count II of Plaintiff's Complaint at Law.

22.     Likewise, Plaintiffs' 2-622 report, authored by Jeffrey L. Stoffer, M.D., is a

mouthpiece for Plaintiff's Complaint.  The report merely quotes ¶ 52, Subparagraphs (a) –

(g), (i) – (s), (u) and (v) of Plaintiff's Complaint at Law verbatim and contains no individual

analysis. Exhibit A, Subparagraphs (a) – (v) of Count II of Plaintiff's Complaint at Law *and*

Exhibit B.

WHEREFORE, Defendant, VHS WEST SUBURBAN MEDICAL CENTER, INC.,

respectfully requests this Honorable Court enter an order to:

1.  Strike the allegations of institutional negligence unsupported by the
    required 735 ILCS 5/2-622 report contained in Paragraph 52,
    Subparagraphs (r) – (u)  of Count II;
2.  Strike vague allegations unsupported by fact contained in Paragraph 52,
    Subparagraph (v) of Count II of Plaintiff's Complaint at Law;

 and for whatever relief deemed appropriate by this Court.

Respectfully Submitted,

SMITHAMUNDSEN LLC

BY:     /s/ Colin P. Gainer
            Attorneys for Defendant
            West Suburban Medical Center

Colin P. Gainer - #6299806
Carmel Cosgrave - #3127000
Anna S. Morrissey - #6324380
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
(312) 894-3200
(312) 894-3210 – FAX
cgainer@salawus.com
ccosgrave@salawus.com
amorrissey@salawus.com