3033987-CPG/ASM  ARDC#6299806

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DEVON BANK, as Guardian of the Estate of ALAYNA HIKE a minor, and RHONDA JONES, Individually, <br>           Plaintiff,<br>      vs.<br>UNITED STATES OF AMERICA and <br>VHS WEST SUBURBAN MEDICAL CENTER, INC. d/b/a WEST SUBURBAN MEDICAL CENTER,<br>           Defendants. | ]<br>]<br>] Case No: 17-cv-09286<br>]<br>] Hon. John Z. Lee<br>]<br>] Magistrate Judge<br>] Sheila M. Finnegan<br>] |

**DEFENDANT, VHS WEST SUBURBAN MEDICAL CENTER, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO STRIKE SUBPARAGRAPHS
(r) – (v) OF PARAGRAPH 52 OF COUNT II OF PLAINTIFFS' COMPLAINT AT LAW**

NOW COMES the Defendant, VHS WEST SUBURBAN MEDICAL CENTER, INC. (hereinafter "WSMC"), by and through its attorneys, SmithAmundsen LLC, and for its Reply in support of its motion to strike allegations of institutional negligence unsupported by the Health Professional's Report required by 735 ILCS 5/2-622 and vague allegations unsupported by fact contained in Subparagraph (r) – (v) of Paragraph 52 of Count II of Plaintiffs' Complaint at Law. In support thereof, Defendant states as follows:

1. Defendant, WSMC, takes no issue with the sufficiency of Plaintiffs' 2-622 report as it pertains to allegations of <u>medical negligence</u> against individual physicians and nurses, and WSMC has, in fact, answered Plaintiffs' Complaint with respect to said allegations.

2. The central issue of WSMC's motion is that Plaintiffs' allegations of <u>institutional negligence</u> (Subparagraphs r – u of Paragraph 52 of Count II) are not supported by the required 2-622 physician's report. Instead, Plaintiff endeavors to

1

substitute the physician report's opinions on medical negligence of individual physicians and nurses as sufficient support for a separate claim for institutional negligence.

3. Under Illinois law, actions sounding in medical negligence must include a 2-622 physician report certifying that a plaintiff's claims are meritorious. 735 ILCS 5/2-622(a)(1). Section 2-622 was enacted to minimize the number of frivolous medical malpractice lawsuits that are filed and to eliminate those actions at an early stage. *Hull v. So. Ill. Hosp. Serv.*, 356 Ill. App. 3d 300, 304, 826 N.E.2d 930 (5th Dist. 2005). Without such a report, the claim is not valid.

4. Although Illinois courts liberally construe a physician's certificate of merit in favor of the malpractice plaintiff, when a plaintiff fails to satisfy the requirements of section 2-622(a)(1), a dismissal is mandatory. *Moyer v. So. Ill. Hosp. Serv. Corp.*, 327 Ill. App. 3d 889, 904, 764 N.E.2d 115 (5th Dist. 2002); 735 ILCS 5/2-622(g). If a complaint does not satisfy the 2-622 physician report requirement required by Illinois law in medical negligence actions, dismissal in federal court pursuant to FRCP 12(b)(6) is appropriate because plaintiff has necessarily failed to state a claim. *See Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000) ("[f]ailure to abide by this [2-622] requirement 'shall be grounds for dismissal.'").

5. In the instant case, Plaintiffs' 2-622 physician's report fails to support allegations of institutional negligence because it is impermissibly vague and fails to clearly identify the reasons for the health professional's determination that there is a meritorious cause of action with respect to the claim of institutional negligence. In *Premo v. Falcone*, the physician's report stated that the reasons for his determination that a meritorious cause of action existed were the defendants' "inappropriate interpretation of clinical evidence of

2

fetal stress and distress during labor" and the defendants' "inappropriate actions…to intervene and to provide appropriate medical care and treatment." 197 Ill. App. 3d 625, 632, 554 N.E.2d 1071 (2d Dist. 1990). The court in *Premo* held that because the report never discussed what the appropriate actions were, it failed to adequately state a basis for the physician's determination that there was a reasonable and meritorious cause to file an action against the defendants. *Id.*

6. Similarly in *Batten v. Retz*, the physician's report stated a meritorious cause of action existed because the defendants "failed to order appropriate diagnostic tests and timely consult with a gastroenterologist prior to surgical intervention," "failed to recommend and perform appropriate diagnostic tests to rule out common bile duct obstructions," and "failed to follow standard practices and procedures in the Plaintiffs' decedent's postoperative management of her T-tube drain"; and that defendants' various departures from acceptable medical care caused or contributed to Batten's death. 182 Ill. App. 3d 425, 428, 538 N.E.2d 179 (3d Dist. 1989). The *Batten* court noted that the report was "clearly insufficient" and <u>failed to explain the basis</u> for the physician's conclusion that a reasonable and meritorious cause for filing the complaint existed. *Id.* at 429-30 (emphasis added).

7. The 2-622 report at issue focuses on the standard of care for individual physicians and nurses and asserts that that acts/omissions by those individuals were a proximate cause of the injuries of Plaintiffs Rhonda Jones and Alayna Hike; however, at no point in the report attached to Plaintiffs' complaint, is there specific explanation or analysis on the conduct of WSMC, from an institutional negligence perspective. See, Exhibit B, Plaintiffs' 2-622 Health Professional Report. With regard to institutional negligence, the

report, at best, offers blanket statements that—verbatim—mimic the complaint. Moreover, Plaintiffs' Response to this motion cites paragraphs contained in the 2-622 report that analyze the conduct of individual care providers—not the institution.

8. Indeed, Plaintiffs' Response substitutes paragraphs from the physician's report that clearly opine on the actions/omissions of individual treaters, in an attempt to shoehorn them into an institutional negligence context. Specifically, Plaintiffs' assert WSMC deviated from the standard of care of an institution for a:

> *Failure to hire and/or credential competent and qualified providers, including physicians and nurses, with the adequate training, education, and experience to manage intrapartum and obstetrical patients and/or failure to fire and/or remove/de-credential incompetent and/or unqualified providers, including physicians and nurses, such that the incompetent and/or unqualified providers could not cause patients harm.*

*See,* Exhibit A, Plaintiffs' Complaint Count II ¶ 52, (u). Plaintiffs cite ¶ 15 of the 2-622 report as somehow supportive of this allegation sounding in institutional negligence. However, ¶ 15 of the 2-622 report applies to individual conduct and states that a failure to obtain appropriate consultation was a "deviation from the appropriate standard of care <u>for these physicians</u> which caused or contributed to ALAYNA's outcome." *See*, Exhibit B, Physician's Report ¶ 15 (emphasis added). Plaintiffs attempt to construe this paragraph as speaking to the conduct of the hospital as an institution, when the paragraph clearly comments on what an individual physician should or should not have done.

9. Plaintiffs also allege that WSMC deviated from the standard of care of an institution for a:

> *Failure to maintain and provide proper and adequate documentation including but not limited to nursing notes, plan of care regarding notification of physicians, nurses and staff for assessment and treatment.*

4

*See*, Exhibit A, Plaintiffs' Complaint Count II ¶ 52, (t). Plaintiffs cite ¶ 19 of the 2-622 report as support for the above allegation, however, ¶ 19 refers to individuals' charting—or lack thereof—and does not go to the conduct of the institution. Specifically, it states "patients were not being monitored <u>as ordered</u> and required and/or the charting, documentation, recording was <u>not being done as required</u> . . . ." *See*, Exhibit B, Physician's Report ¶ 19 (emphasis added). Moreover, the report states that "charting, documentation, and/or recording was created but has since been lost, is missing, or was destroyed . . . ." These opinions are speculative at best and fail to support a claim for institutional negligence. Exhibit B, Physician's Report ¶ 19. Similar to the above argument, Plaintiffs attempt to construe this Paragraph as speaking to the conduct of the hospital as an institution, when the paragraph clearly comments on what an individual treater should have done.

10. Likewise, Plaintiffs attempt to buttress a claim for institutional negligence by asserting a:

> *Failure to retain a full, complete, and legible copy of the medical records.*

*See*, Exhibit A Plaintiffs' Complaint Count II ¶ 52, (s). Plaintiffs cite ¶ 17 of the 2-622 report as supportive; however, ¶ 17 is a recitation of facts, not the 2-622 author's opinion. Moreover, when read in a fuller context with ¶ 18 (the next paragraph in the 2-622 report), it is clear the allegations sound in medical negligence against individual actions, as the report goes on to opine that a "failure to <u>adequately and reasonably monitor</u> the unborn baby's heart rate was a deviation from reasonable practice and direct <u>violation of an express physician order</u>" and "if the <u>physicians and nurses</u> were unable to continuously and reliably trace the baby's heart rate *in utero* . . . the standard of care required <u>inserting</u> an internal fetal scalp electrode hours sooner than it was placed." *See*, Exhibit B Physician's

5

Report ¶ 18 (emphasis added). As noted above, the 2-622 paragraphs that Plaintiffs cite to in their Response opine on the standard of care of individuals and should not be allowed to be substituted as support for a claim of institutional negligence.

11. Plaintiffs also allege that WSMC deviated from the standard of care of an institution for a:

> *Failure to promulgate, implement, and maintain reasonable and appropriate policies and procedures.*

*See*, Exhibit A, Plaintiffs' Complaint Count II ¶ 52, (r). However, Plaintiffs fail to point to any facts in the 2-622 report that explain the basis of this allegation, beyond the fact that the 2-622 report paragraph mirrors the allegations contained in Plaintiffs' Complaint at Law. *Compare* Pl's Compl. ¶ 52, (r), *with* Physician's Report ¶ 36, (s). The 2-622 report is devoid of any further analysis. As such, this allegation fails to meet the requirements under section 2-622.

12. Finally, Plaintiffs assert, through an ambiguous catch-all reference, that WSMC is responsible for:

> *Any other breaches of the standard of care revealed during discovery in this matter.*

*See*, Exhibit A, Plaintiffs' Complaint Count II ¶ 52(v). This allegation must also be dismissed as it is impermissibly vague on its face; is not supported with any additional analysis contained in the 2-622 Physician's Report; and fails to set forth facts sufficient to provide WSMC with the information needed to determine the nature of the claims against which it is required to defend.

13. The 2-622 report offers conclusory allegations unsupported in fact and fails to satisfy the standards for specificity espoused in *Premo* and *Batten*. Under those

6

holdings, a section 2-622 report must set forth generally the elements of a medical or institutional negligence claim: what the provider was supposed to do; how the care provided failed to comply with those requirements; and that those deviations proximately cause some identified injury to the patient. Those same requirements apply to allegations of institutional negligence, and the report submitted as to WSMC fails to provide any specific information as to how WSMC's conduct—as an institution—was negligent.

WHEREFORE, Defendant, VHS WEST SUBURBAN MEDICAL CENTER, INC., respectfully requests this Honorable Court enter an order to:

1. Strike the allegations of institutional negligence unsupported by the required 735 ILCS 5/2-622 report contained in Paragraph 52, Subparagraphs (r) – (u) of Count II;
2. Strike vague allegations unsupported by fact contained in Paragraph 52, Subparagraph (v) of Count II of Plaintiffs' Complaint at Law;

and for whatever relief deemed appropriate by this Court.

Respectfully Submitted,

SMITHAMUNDSEN LLC

BY:  /s/ Colin P. Gainer
          Attorneys for Defendant
          West Suburban Medical Center

Colin P. Gainer - #6299806
Carmel Cosgrave - #3127000
Anna S. Morrissey - #6324380
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
(312) 894-3200
(312) 894-3210 – FAX
cgainer@salawus.com
ccosgrave@salawus.com
amorrissey@salawus.com

3033987-CPG/ASM                                                              ARDC#6299806

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DEVON BANK, as Guardian of the Estate of ALAYNA HIKE a minor, and RHONDA JONES, Individually, | ] ] ] Case No: 17-cv-09286 |
| Plaintiff, | ] |
| vs. | ] Hon. John Z. Lee |
| UNITED STATES OF AMERICA and VHS WEST SUBURBAN MEDICAL CENTER, INC. d/b/a WEST SUBURBAN MEDICAL CENTER, | ] ] Magistrate Judge ] Sheila M. Finnegan |
| Defendants. | ] |

**CERTIFICATE OF SERVICE**

I, Colin P. Gainer, hereby certifies that on the **20th day of March, 2018**, a copy of the foregoing **Defendant, VHS West Suburban Medical Center, Inc.'s Reply in Support of its Motion to Strike Subparagraphs (r) – (v) of Paragraph 52 of Count II of Plaintiffs' Complaint at Law** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system if they are registered with the CM/ECF E-Filing System. Parties may access this filing through the Court's system.

*Parties receiving service via CM/ECF E-Filing System are as follows*:

Matthew Mitchell Patterson                         Megan Elizabeth Donohue
Ryan Patrick Timoney                               Assistant United States Attorney
Jack Milton Beam                                   219 South Dearborn Street
Beam Legal Team LLC                                Chicago, IL 60604
954 W Washington Blvd, Suite 215
Chicago, IL 60607


                                                   /s/ Colin P. Gainer
                                                   Colin P. Gainer, ARDC # 6299806
                                                   Attorneys for Defendant, VHS West Suburban
                                                   Medical Center, Inc.


SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Telephone: (312) 894-3200
Fax:     (312) 894-3210

8