**EXHIBIT B**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEVON BANK, as the Guardian of the Estate of ALAYNA HIKE, a minor, and RHONDA JONES, Individually, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 17 C 9286 |
| vs. | ) ) | Judge Lee |
| UNITED STATES OF AMERICA and VHS WEST SUBURBAN MEDICAL CENTER, INC. d/b/a WEST SUBURBAN MEDICAL CENTER, | ) ) ) ) ) | |
| Defendants. | | |

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated by and between the undersigned Plaintiffs (meaning any person, other than the defendant, the parties' attorneys, and the structured settlement broker, signing this agreement waiving and releasing claims, whether or not such person is a party to this civil claim), and the Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

1. The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-referenced above-captioned civil action, under the terms and conditions set forth in this Stipulation.

2. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. In consideration for Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay the cash sums set forth below in Paragraph 3.a., to purchase the annuity contract described below in Paragraph 3.b., and to establish the Irrevocable Reversionary *Inter Vivos* Grantor Medical Care Trust for the Benefit of Alayna Hike (hereinafter "Reversionary Trust") described below in Paragraph 3.c.

     a. Within three business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Reversionary Trust signed by all parties to said document; (3) the Social Security number or tax identification number of Plaintiffs and their attorney; (4) state or federal court Order(s) approving the settlement and authorizing an individual or entity to sign the settlement documents on behalf of Alayna Hike; and (5) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will submit the following requests to the Health Resources and Services Administration, United States Department of Health and Human Services, for the total sum of Fifteen Million Dollars ($15,000,000.00) (hereinafter "Settlement Amount") to be paid as follows:

     (1) A check in the amount of Seven Million Five Hundred Thousand Dollars ($7,500,000) (hereinafter "Upfront Cash") made payable to Plaintiffs, and

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(October 29, 2019)
Page **2** of **20**

delivered to Plaintiffs' Counsel. With respect to the payment of the Upfront Cash, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified assignment form, or any equivalent such forms, and that the United States will not pay the Upfront Cash into a qualified settlement fund or an equivalent fund or account. Plaintiffs further stipulate and agree that they, their attorney(s), and representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Upfront Cash in any way, form, or manner, including by placing any of the Upfront Cash into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.a.(1) precludes the Plaintiffs from purchasing non-qualified annuities after the Plaintiffs have cashed the Upfront Cash settlement check, but they agree that they will not represent to any person, entity, or agency that they are purchasing qualified annuities and they agree they will not attempt to purchase such annuities.

Plaintiffs agree to endorse the Upfront Cash check over to Plaintiffs' attorney to be deposited in the attorney's client trust account to facilitate the disbursement of the Upfront Cash according to the terms of the Order approving the settlement on behalf of the minor Plaintiff. Plaintiffs stipulate and agree that the attorney shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising out of the subject matter that gave rise to the above-captioned civil action, whether disputed as legally valid or not, and shall not distribute

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(October 29, 2019)
Page **3** of **20**

to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

(2)     An electronic funds transfer (EFT) in the amount of Seven Million Dollars ($7,000,000.00) (hereinafter "Annuity Premium Amount") to Brant, Hickey and Associates, general agent for Settlement Advisors, LLC, for the purchase of the annuity contract described below in Paragraph 3.b.

(3)     An electronic funds transfer (EFT) in the amount of Five Hundred Thousand Dollars ($500,000.00) (hereinafter "Reversionary Trust Deposit") to Fifth Third Private Bank, for deposit in the Reversionary Trust described below in Paragraph 3.c.

(4)     The parties agree that any attorneys' fees owed by Plaintiffs in their Federal Tort Claims Act claim against the United States shall not exceed twenty percent (25 %) of the Settlement Amount.  28 U.S.C. § 2678.  The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses incurred in bringing the above-referenced claims, and their costs, expenses, and fees (including all fees if any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation, shall be paid out of the Upfront Cash paid pursuant to paragraph 3.a.(1) above, and not in addition thereto. The parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(October 29, 2019)
Page **4** of **20**

considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

b.     Based on the following terms and conditions, the United States will purchase the following annuity contract(s):

(1) The United States will purchase an annuity contract or contract(s), from an annuity company(ies) rated at least A by A.M. Best rating service, to pay to the Reversionary Trust: (i) the sum of $18,000.00 per month, beginning one month from the date of purchase and continuing for one hundred and twenty (120) months; (ii) the sum of $26,175.00 per month, beginning one hundred and twenty one (121) months from the date of purchase and continuing for one hundred and eighty (180) months; and (iii) the sum of 10,000.00 per month, increasing at 3% compounded annually after the first year of payments, beginning three hundred and one (301) months from the date of purchase, payments certain for one hundred and eighty (180) months, and continuing thereafter so long as Alayna Hike is alive. In the event the cost of the annuity contract(s) has either increased or decreased by the date of purchase, the monthly annuity payments set forth shall be adjusted upward or downward to ensure that the premium cost of the annuity contract(s) is equal to $7,000,000.00 and not more or less than that amount, and specifically, the cost of the payments in (i) above shall equal $1,980,000; the cost of the payments in (ii) above shall equal $3,030,000; and the cost of the payments in (iii) above shall equal $1,990,000. The monthly annuity payments are based upon the date of birth for Alayna Hike of December 2, 2016, that was provided by Plaintiffs. If the date of birth is otherwise, the annuity payments described above will be adjusted accordingly. Upon the death of Alayna Hike, any payments remaining during the

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(October 29, 2019)

Page **5** of **20**

period certain shall be made payable to the Health Resources and Services Administration, United States Department of Health and Human Services re: Alayna Hike, and sent to the Torts Branch, Civil Division, United States Department of Justice, P.O. Box 888, Benjamin Franklin Station, Washington D.C. 20044, or upon written notice, any subsequent change of address.

(2)  The annuity contract(s) being purchased pursuant to this Paragraph 3.b. will be owned solely and exclusively by the United States and will be purchased through Settlement Advisors, LLC as specified above in Paragraph 3.a. The parties stipulate and agree that the United States' only obligation with respect to an annuity contract(s) and any annuity payments therefrom is to purchase said contract(s), and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to an annuity contract(s) and annuity payments upon the purchase of said contract(s).

(3)  The parties stipulate and agree that the annuity company that issues an annuity contract shall, at all times, have the sole obligation for making all annuity payments.  The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check, or executing an electronic funds transfer, in the amount of such payment to the address, or account, designated by the party to whom the payment is required to be made under this Stipulation. Payments lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(October 29, 2019)
Page **6** of **20**

(4) The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner, and that the Plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

(5) Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns do hereby agree to maintain with the annuity company(ies) and the United States a current mailing address for Alayna Hike, to notify the annuity company and the United States of the death of Alayna Hike within ten (10) days of the date of death, and to provide to the annuity company and the United States a certified death certificate within sixty (60) days of said death.

c.     The United States will establish, as the Grantor, the Reversionary Trust for Alayna Hike on the following terms and conditions:

(1) The parties agree to the terms, conditions, and requirements of the Reversionary Trust, a copy of which is attached hereto and incorporated by reference.

(2) Plaintiffs and Plaintiffs' successors, assigns, and guardians, if any, agree that the Trust Beneficiary and anyone acting on behalf of the Trust Beneficiary has the duty and responsibility to cooperate with the Administrator and Trustee of the Trust to the extent the Administrator and the Trustee determine that the Beneficiary's cooperation is necessary or useful for them to carry out his respective duties and responsibilities. Plaintiffs and Plaintiffs' successors, assigns, and guardians, if any, further agree that the Beneficiary has the duty and

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(October 29, 2019)

Page **7** of **20**

responsibility to: submit requests for payment of allowable benefits as required by the Trust; provide signatures, authorizations, documentation, or information necessary for the carrying out of the terms of the Trust, including documentation and information required by the Trustee in order for the Trustee to comply with the Patriot Act; identify other sources of payments or benefits; apply to other sources of payments or benefits for coverage; to assist the Administrator and Trustee in obtaining payments or reimbursement from other sources of payments or benefits; and transmit to the Trust Estate any amount received by (or on behalf of the Beneficiary) from another source of payments or benefits in reimbursement for, or payment of, an expense that has been paid or will be paid from the Trust Estate. The parties agree that the failure of the Beneficiary to comply with these duties may result in the denial, in whole or part, of payments from the trust estate, depending on the terms of the Reversionary Trust.

(3) Plaintiffs and Plaintiffs' heirs, executors, administrators, and assigns shall maintain with the Administrator, the Trustee, and the United States a current mailing address, and shall notify the Administrator, the Trustee, and the United States of any event upon which the right of payments from the trust estate may depend, including the death of Alayna Hike, within ten (10) days of the date of such event, and shall provide the Administrator, the Trustee, and the United States with a certified death certificate within thirty (60) days of the death of Alayna Hike.

(4) Upon the death Alayna Hike, the Trustee shall, to the extent authorized by the terms of said Reversionary Trust, pay allowable charges, expenses, and benefits, and liquidate and distribute the remaining trust estate to the United States by check made payable to Health

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(October 29, 2019)
Page **8** of **20**

Resources and Services Administration, United States Department of Health and Human Services Re: Alayna Hike and sent to: Director, Torts Branch (FTCA Litigation Section), Civil Division, United States Department of Justice, P.O. Box 888, Benjamin Franklin Station, Washington D.C. 20044, or, upon written notice, any subsequent change of address.

4. Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns hereby accept the terms and conditions of this settlement, including the payment of the Settlement Amount set forth above in Paragraph 3.a, the purchase of the annuity contract set forth above in Paragraph 3.b, and the establishment of the Reversionary Trust set forth above in Paragraph 3.c., in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of Alayna Hike, or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States on account of the subject matter that gave rise to the above-captioned claims.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned claim, including claims or causes of action for wrongful death.

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(October 29, 2019)
Page **9** of **20**

The Plaintiffs and their guardians, heirs, executors, administrators, and assigns further stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid, and Medicare, arising from the injuries that are the subject matter of this action. Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim. Plaintiffs and their attorneys stipulate and agree that Plaintiffs, by and through their attorney, will satisfy or resolve any and all currently known claims for payment or reimbursement and any and all currently known liens asserted by any individual or entity before distributing to Plaintiffs any portion of the Upfront Cash paid pursuant to Paragraph 3.a.(1) above.

5. This compromise settlement is specifically subject to each of the following conditions:

a. The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation and Reversionary Trust.

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(October 29, 2019)
Page **10** of **20**

b. The parties must agree in writing to the terms, conditions, and requirements of this Stipulation and the Reversionary Trust. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation and the Reversionary Trust before counsel for the United States will seek settlement authority from the Attorney General or the Attorney General's designee.

c. Alayna Hike must be alive at the time the Reversionary Trust described in Paragraph 3.c. is deemed established, as defined in Article V of the Reversionary Trust, and at the time the annuity contract described in Paragraph 3.b. is purchased. In the event of the death of Alayna Hike prior to the date the Reversionary Trust is deemed established or the date the annuity contract is purchased, the entire Stipulation and compromise settlement are null and void.

d. Plaintiffs must obtain, at their expense, approval of the settlement by a court of competent jurisdiction on behalf of Alayna Hike. The terms of any court Order, a draft of which shall be provided by the United States, are a condition of this settlement. Plaintiffs agree to obtain such approval(s) in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event any such approval is not obtained in a timely manner. In the event Plaintiffs fail to obtain such court approvals, the entire Stipulation and the compromise settlement are null and void. Plaintiffs must obtain such court Order before the United

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(October 29, 2019)
Page **11** of **20**

States' attorney will seek settlement authority from the Attorney General or the Attorney General's designee.

e. Plaintiffs must provide the United States with a complete set of the **extant** medical records of Alayna Hike (including any independent medical examinations conducted for purposes of this litigation, any and all clinic visits, whether for routine checkups or for treatment and care for any medical condition, injury, disease, etc., any and all hospital and emergency room records, and any records of any diagnostic testing) for the 36-month period prior to the date Plaintiffs sign this Stipulation. Plaintiffs must provide all such **extant** medical records for said 36-month period before counsel for the United States will seek settlement authority from the Attorney General or the Attorney General's designee. In the event said records and reports reveal that Alayna Hike had or has any such potentially life-threatening or life-shortening diseases or illnesses not caused by the medical care at issue in this action, the United States reserves the right to elect not to consummate the settlement and upon such election by the United States the entire settlement is null and void.

f. Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor. Before the counsel for the United States will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.f., or (ii) a written representation by Plaintiffs' attorney stating that, after

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(October 29, 2019)
Page **12** of **20**

a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorney are unaware of any such potential tortfeasor.

g.   Payment of the settlement is subject to there being sufficient funds in the account established by Congress (*e.g.*, 42 U.S.C. § 233(k)) for payment of settlements and judgments of claims subject to the Federally Supported Health Centers Assistance Act of 1992 and 1995 (42 U.S.C. §§ 233(g), *et seq.*) to pay the settlement in its entirety.

6.   The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7.   Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements. Plaintiffs execute this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the payment of all taxes that may be associated with this settlement.  Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds.  Plaintiffs execute this Stipulation without reliance on any representation by the United States as to the application of any such law.  Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(October 29, 2019)
Page **13** of **20**

ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

8.   Plaintiffs represent that they have read, reviewed and understand this Stipulation and the Reversionary Trust, that they are fully authorized to enter into the terms and conditions of this Stipulation and the Reversionary Trust, and that they agree to be bound thereby.  Plaintiffs further acknowledge that they enter into this Stipulation and the Reversionary Trust freely and voluntarily. Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation and the Reversionary Trust with their attorney, who has explained the documents to Plaintiffs and that Plaintiffs understand all of the terms and conditions of this Stipulation and the Reversionary Trust.

9.   It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party.  All such counterparts and signature pages, together, shall be deemed to be one document.

**WHEREAS,** the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(October 29, 2019)
Page **14** of **20**

Executed this_____day of_____, 2019.
**UNITED STATES OF AMERICA**


By:      _____
         Jimmy Arce
         Assistant United States Attorney
         Attorney for United States of America

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(October 29, 2019)
                              Page **15** of **20**

Executed this_____day of_____2019.
**ATTORNEY FOR PLAINTIFFS: BEAM LEGAL TEAM**


By: _____

      Jack Beam, Esquire
      Matthew Patterson, Esquire
      Attorneys for Plaintiffs




Executed this_____day of _____2019.
**ATTORNEY FOR PLAINTIFFS: FIEGER LAW FIRM**


By: _____

      Geoffrey Nels Fieger, Esquire
      Attorney for Plaintiffs

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(October 29, 2019)
Page **16** of **20**

Executed this_day of____2019,
**ALAYNA HIKE**


By:  _____
      Devon Bank,
      Guardian *ad litem* of Alayna Hike

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(October 29, 2019)
Page **17** of **20**

Executed this_day of_____2019.

**RHONDA JONES, INDIVIDUALLY AND AS PARENT OF ALAYNA HIKE**

_____

Rhonda Jones, Individually
and as Parent of Alayna Hike

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(October 29, 2019)
Page **18** of **20**

Executed this_____day of_____, 2019.
**STRUCTURED SETTLEMENT BROKERAGE COMPANY**
**BRANT, HICKEY AND ASSOCIATES (HEREINAFTER "COMPANY")**


I, the undersigned, swear under penalty of perjury that I am duly authorized to sign this Settlement Agreement on behalf of the Company and have furnished written proof thereof to the United States. I also swear under penalty of perjury that the Company and its employees, agents, and structured settlement annuity brokers are covered by an Errors and Omission insurance policy and a fidelity bond or equivalent insurance coverage, and have furnished to the United States a certificate or proof of insurance for such policies. By signing this Settlement Agreement, I agree that the Company will accept the Annuity Premium Amount. I further agree that, within five business days of receipt of the Annuity Premium Amount, the Company will (1) disburse the Annuity Premium Amount to an annuity company(ies), rated at least A by A.M. Best rating service, for the purchase the annuity contract(s) described above in Paragraph 3.b of this Settlement Agreement, and (2) provide to the parties both written proof that the Annuity Premium Amount has been accepted by said annuity company(ies).


By: _____
        Gary Brant, President
        On behalf of the Company

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(September 5, 2019)
                                        Page **19** of **20**

Executed this_____day of_____, 2019.
**STRUCTURED SETTLEMENT ANNUITY BROKER**
**HENRY BARKHAUSEN (HEREINAFTER "BROKER")**


      I, the undersigned Broker, swear under penalty of perjury that I currently meet the minimum qualifications set forth in 28 CFR 50.24 to provide structured settlement annuity brokerage services to the United States and that I am currently covered by an Errors and Omissions policy and a fidelity bond or equivalent insurance coverage, and have furnished to the United States a certificate or proof of insurance for such policy.  By signing this Settlement Agreement, I agree to ensure that the application for any annuity contract and the annuity contract issued by the annuity company will comply with the terms and conditions of Paragraph 3.b of the Settlement Agreement.


_____
Henry Barkhausen
Structured Settlement Annuity Broker

In Re Devon Bank, et al. v. United States, Civil No. 17 C 9286
Stipulation for Compromise Settlement and Release
(September 5, 2019)
Page **20** of **20**